UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON BECKHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV598 SPM |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Sheldon Beckham petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the statute of limitations. The Court, therefore, will order petitioner to show cause why the petition should not be dismissed.

On September 12, 2011, petitioner pled guilty to murder in the second degree, burglary in the first degree, theft, and resisting arrest. Missouri v. Beckham, No. 1022-CR01543-01 (City of St. Louis). The trial court sentenced him to twenty years' imprisonment on October 27, 2011. He did not appeal.

Petitioner filed a Rule 24.035 motion on December 14, 2011. Beckham v. Missouri, No. 1122-CC10868 (City of St. Louis). The motion court denied relief on October 23, 2012, and petitioner appealed. The Missouri Court of Appeals affirmed on October 8, 2013. Beckham v. Missouri, 411 S.W.3d 338 (Mo. Ct. App. 2013). The appellate court issued its mandate on October 31, 2013.

On February 24, 2014, petitioner filed a Rule 91 habeas petition. Beckham v. Russell, No. 14SF-CC00038 (St. Francois County). The habeas court denied relief on June 9, 2014, finding that the petition was procedurally barred and that it failed on the merits.

Petitioner filed the instant § 2254 petition on April 2, 2015, which is the date he placed it in the prison mail system.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final to file a petition for writ of habeas corpus. The period is tolled during the pendency of properly filed postconviction proceedings. Id. In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a). Petitioner did not file a direct appeal. Accordingly, his judgment of conviction became final on November 6, 2011.

The limitations period ran for 39 days until December 14, 2011, when petitioner filed his Rule 24.035 motion. The period was tolled during his postconviction appeal. The period then began running again on October 31, 2013, the date the appellate court issued its mandate. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

The limitations period ran for another 117 days until February 24, 2014, when petitioner filed his Rule 91 petition. The period began to run again on June 9, 2014.

The limitations period then ran for another 298 days until April 2, 2015, the date he filed the instant petition. In total, 454 days elapsed between the time the criminal judgment became final and petitioner filed the instant case. As a result, it appears that this action is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this   13th   day of April, 2015.

／s／ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE