UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON BECKHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV598 SPM |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Sheldon Beckham petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 13, 2015, the Court directed petitioner to show cause why this action should not be dismissed. See Day v. McDonough, 547 U.S. 198, 210 (2006) (fair notice required). He failed to do so. For the reasons set forth below, the Court finds that the petition is barred by the statute of limitations. As a result, this action is dismissed.

### Background

On September 12, 2011, petitioner pled guilty to murder in the second degree, burglary in the first degree, theft, and resisting arrest. Missouri v. Beckham, No. 1022-CR01543-01 (City of St. Louis). The trial court sentenced him to twenty years' imprisonment on October 27, 2011. He did not appeal.

Petitioner filed a Rule 24.035 motion on December 14, 2011. Beckham v. Missouri, No. 1122-CC10868 (City of St. Louis). The motion court denied relief on October 23, 2012, and petitioner appealed. The Missouri Court of Appeals affirmed on October 8, 2013. Beckham v. Missouri, 411 S.W.3d 338 (Mo. Ct. App. 2013). The appellate court issued its mandate on October 31, 2013.

On February 24, 2014, petitioner filed a Rule 91 habeas petition. Beckham v. Russell, No. 14SF-CC00038 (St. Francois County). The habeas court denied relief on June 9, 2014, finding that the petition was procedurally barred and that it failed on the merits.

Petitioner filed the instant § 2254 petition on April 2, 2015, which is the date he placed it in the prison mail system.

## Discussion

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final to file a petition for writ of habeas corpus. The period is tolled during the pendency of properly filed postconviction proceedings. Id. In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a). Petitioner did not file a direct appeal. Accordingly, his judgment of conviction became final on November 6, 2011.

The limitations period ran for 39 days until December 14, 2011, when petitioner filed his Rule 24.035 motion. The period was tolled during his postconviction appeal. The period then began running again on October 31, 2013, the date the appellate court issued its mandate. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

The limitations period ran for another 117 days until February 24, 2014, when petitioner filed his Rule 91 petition. The period began to run again on June 9, 2014.

The limitations period then ran for another 298 days until April 2, 2015, the date he filed the instant petition. In total, 454 days elapsed between the time the criminal judgment became final until petitioner filed the instant case. As a result, this action is time-barred, and the Court dismisses this action without further proceedings. The dismissal is with prejudice.

Conclusion

For these reasons, petitioner is not entitled to federal habeas relief.  Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 22nd day of May, 2015.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE